**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DENORRIS TURNER, | : | CIVIL ACTION NO. |
| GDC ID # 787962, Case # 785285, | : | 1:16-CV-04266-WSD-JSA |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD PHILBIN, Warden, | : | HABEAS CORPUS |
| Respondent. | : | 28 U.S.C. § 2254 |

**<u>MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION</u>**

Petitioner, a Georgia prisoner, has filed a 28 U.S.C. § 2254 habeas corpus petition challenging his aggravated assault conviction upon the entry of his guilty plea in the Superior Court of DeKalb County on February 5, 2014. (Doc. 1; *see* Doc. 12-1 at 1). He did not file a direct appeal. (*See* Doc. 1 at 2). In his state habeas petition, he raised four claims of ineffective assistance of counsel, and during his state habeas hearing, he added a fifth claim that his plea was not knowing and voluntary. The state habeas court denied all of his claims. (*See* Doc. 13-2 at 2-3, 6-7, 9). The Supreme Court of Georgia then summarily denied his application for a certificate of probable cause ("CPC") to appeal. (Doc. 13-3).

Petitioner raises one ground for relief in his federal habeas petition: his guilty plea was unlawfully induced and involuntary, due to ineffective assistance of counsel,

because he did not understand the charges against him or the penalties involved. (Doc. 1 at 5-6).  **IT IS RECOMMENDED** that the petition be **DENIED**.

I.   <u>Discussion</u>

  A.   **Merits Habeas Review**

A federal court may not grant habeas corpus relief for claims previously decided on the merits by a state court unless the decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  A state court's determination of a factual issue is presumed correct unless the petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362, 412 (2000), the Supreme Court explained that, in applying 28 U.S.C. § 2254(d), a federal habeas court first ascertains the "clearly established Federal law" based on "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." The federal habeas court then considers whether the state court decision is "contrary to" that clearly established federal law, i.e., whether the state court "applies a rule that

2

contradicts the governing law set forth" in Supreme Court cases, or "confronts a set of facts that are materially indistinguishable from" those in a Supreme Court decision "and nevertheless arrives at a result different from" that decision. *Id.* at 405-06.

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, it then considers whether the decision is an "unreasonable application" of that law, i.e., whether "the state court identifies the correct governing legal principle" from the Supreme Court's decisions, "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotations omitted). "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly[, but r]ather, that application must also be unreasonable." *Williams*, 529 U.S. at 411. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was *an error well understood and comprehended in existing law*

3

*beyond any possibility for fairminded disagreement.*"  *Richter*, 562 U.S. at 103 (emphasis added).

**B.     Analysis**

In March 2013, Petitioner was indicted "for malice murder (count 1); felony murder (count 2); aggravated assault (counts 3 and 5); and possession of a firearm during the commission of a felony (count 4)." (Doc. 13-2 at 1). On the day scheduled for Petitioner's trial, the state placed its plea offer on the record: dismissal of counts 1-4 in exchange for Petitioner's guilty plea on count 5, for which he would serve a split sentence of 20 years, 15 years in prison. (*Id.* at 2; *see* Doc. 13-5 at 69-71). Petitioner at first rejected the offer because he thought the sentence was "extremely too much time just for bumping a guy's car," although he "admit[ted] to the aggravated assault." (Doc. 13-5 at 72). But after consulting with his attorney — and in light of the 20-year mandatory term of imprisonment he would serve on count 5 if convicted at trial, based on the state's recidivist notice, and the mandatory life sentence plus 25 years he would serve if convicted on all counts — Petitioner decided to accept the offer. (*Id.* at 73-74; *see id.* at 69-71).

"At the evidentiary hearing on the [state habeas] petition, Petitioner allege[d] that his guilty plea was involuntary because '[he] did not fully understand what was

4

being explained concerning [his] rights and plea of this sentence.' " (Doc. 13-2 at 7 (citation omitted)).  In rejecting that claim — in which Petitioner did not allege, as he does here, ineffective assistance of counsel — the state habeas court made the following findings of fact:

> In connection with discussing the plea offer with Petitioner, Mr. Queen [Petitioner's attorney] informed [him] that, by pleading guilty, he waived his right to a jury trial, to confront witnesses, and against self-incrimination. At the time Petitioner pled guilty, Mr. Queen was satisfied that he understood those rights and agreed to waive them. Also, in connection with his plea, Petitioner filled out a plea sheet, in which [he] indicated that he understood [] the maximum possible sentence he could face if convicted at trial on all charges, [he understood] the aforementioned rights he waived if he elected to plea . . . and [] he pled guilty free from coercion. Additionally, during his plea colloquy, Petitioner indicated unequivocally that (1) he understood his maximum possible sentence he faced if convicted at trial on all counts; (2) he understood the aforementioned rights he waived by pleading guilty; and (3) he entered his plea free from influence of threat or promise of benefit. Further, the court incorporated into the colloquy the plea sheet that Petitioner filled out, which Petitioner signed in open court. Petitioner, then, wholly apprised of the possible sentence he faced and the rights he waived, pled guilty to count 5. At the conclusion of the extensive plea colloquy, the court inquired of Petitioner expressly: "[D]o you feel that you have understood everything that has been discussed about your case today?" Petitioner responded: "Yes, ma'am."

(*Id.* at 7-8 (citations omitted)).  The state habeas court then reached the following conclusions of law:

> A guilty plea that is a compromise by the defendant or entered to avoid

5

> a harsher sentence is not "compelled" within the meaning of the Fifth Amendment and does not amount to "coercion" in the legal sense. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Brady v. United States*, 397 U.S. 742, 755-757 (1970). The focus of the inquiry is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Alford*, 400 U.S. at 31.
>
>> The representations of the defendant [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.
>
> *Blackledge v. Allison*, 431U.S.63; 73-74 (1977).
>
> Here, Petitioner has not carried his burden to demonstrate that his plea was involuntary. Rather, the record wholly contradicts his claims. Mr. Queen testified that he informed Petitioner of the rights he waived by pleading guilty, which Mr. Queen felt that Petitioner understood. Additionally, Mr. Queen went over with Petitioner a plea sheet on which Petitioner acknowledge the maximum sentence he could face if convicted of all charges at trial, and the aforementioned rights he waived. Further, the court again informed Petitioner of all these points during the colloquy itself, at which Petitioner indicated that he understood all of the above[,] on his own, free from coercion – that the decision to plea was his alone.
>
> Therefore, the overwhelming evidence in the record not only demonstrates that has Petitioner not carried his burden in demonstrating that his plea was involuntary, but also wholly undermines his claim. This allegation provides no basis for relief.

(*Id.* at 8-9).

Petitioner has not challenged the findings and conclusions set forth above, and

AO 72A
(Rev.8/82)

the Court discerns no basis to find that the state habeas court's conclusion that Petitioner's plea was knowing and voluntary, as summarily affirmed by the Supreme Court of Georgia, was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *See Richter*, 562 U.S. at 103; *see also Farley v. Sec'y, Dep't of Corr.*, 8:11-CV-2706-T-27EAJ, 2014 U.S. Dist. LEXIS 164061, at *35-36 (M.D. Fla. Nov. 24, 2014) ("'A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.'" (internal quotations omitted) (quoting *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991))); *Beier v. Butler*, 8:99-CV-754-T-27TBM, 2009 U.S. Dist. LEXIS 8536, at *12 (M.D. Fla. Jan. 23, 2009) ("A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process. A knowing and voluntary plea satisfies due process. The standard for determining the validity of a plea is whether the plea represents a voluntary intelligent choice among the alternative courses open to the defendant. The voluntariness of a plea is determined by considering all of the relevant circumstances surrounding it." (citations omitted) (citing *Alford*, 400 U.S. at 31; *Brady*,

7

AO 72A
(Rev.8/82)

397 U.S. at 749; *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969))).

The state habeas court's order and the transcript of Petitioner's plea hearing (*see* Doc. 13-5 at 68-89) clearly show that Petitioner understood the charges against him and the consequences of his guilty plea, and that after consultation with his attorney, without coercion or duress, he chose *voluntarily* to plead guilty. His federal habeas claim therefore fails.

## II. Certificate Of Appealability

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322,

337, 342 (2003)). Because jurists of reason would not debate, and would agree, that Petitioner's sole claim is without arguable merit, a certificate of appealability should not issue in this case.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DENY** the petition for writ of habeas corpus (Doc. 1), **DISMISS** this action, and **DENY** Petitioner a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 10th day of March, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)