# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DENORRIS TURNER,<br>GDC ID # 787962, Case # 785285,<br>      Petitioner,<br><br>      v.<br><br>EDWARD PHILBIN, Warden<br>      Respondent. | 1:16-cv-4266-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [14] ("Final R&R"), recommending that Petitioner DeNorris Turner's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [1] ("Section 2254 Petition") be denied, that this action be dismissed, and that a certificate of appealability be denied.

## I.  BACKGROUND

On August 22, 2017, Petitioner filed his Section 2254 Petition, challenging his 2014 aggravated assault conviction after entering his guilty plea to the charge in DeKalb County state court. Petitioner raises one ground for relief in his federal habeas petition. He claims guilty plea was unlawfully induced and involuntary because of the ineffective assistance of his counsel resulting in Petitioner not

understanding the charges against him or the penalties that could result from his plea. ([1] at 5-6). On March 10, 2017, the Magistrate Judge issued his Final R&R recommending that Petitioner's federal habeas petition be denied because Plaintiff's state court habeas petition was decided on the merits and (1) there is no basis to show the decision was contrary to, or involved an unreasonable application of, clearly established Federal law or (2) the habeas court's decision was based on an unreasonable determination of the facts. Plaintiff did not file objections to the Final R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093,

1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B. Analysis

1. Petitioner's Section 2254 Petition

On January 5, 2017, Petitioner's state habeas petition was denied on the merits by the Superior Court of DeKalb County. ([13.2] at 2-3, 6-7, 9). Petitioner now moves in his Section 2254 Petition in this Court to vacate his conviction based on the grounds that his conviction was unlawfully induced and involuntary, because of the ineffective assistance of his counsel. ([1] at 5-6). A federal court may not grant habeas corpus relief for claims previously decided on the merits by a state court unless the decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). A state court's determination of a factual issue is presumed correct unless the petitioner rebuts the presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The Magistrate Judge found that it could "discern[] no basis to find that the state habeas court's conclusion that Petitioner's plea was knowing and voluntary, as summarily affirmed by the Supreme Court of Georgia, was 'so lacking in

3

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." ([14] at 6-7; quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)). The Magistrate Judge further concluded that the state habeas court's order and the transcript of Petitioner's plea hearing "clearly show that Petitioner understood the charges against him and the consequences of his guilty plea, and that after consultation with his attorney, without coercion or duress, he chose *voluntarily* to plead guilty." ([14] at 7-8). The Court finds no plain error in this finding.

### 2. Certificate of Appealability

A federal habeas "applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Cases in the United States District Courts, Rule 11(a). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

4

that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

> When the district court denies a habeas petition on procedural grounds . . . , a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Id.

The Magistrate Judge found, and the Court agrees, that a certificate of appealability should be denied because it is clear that Petitioner's sole claim is without merit.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [1] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 3rd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE